IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KEITH R. GORDON,** *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 5:22-cv-44 |
| **U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09, and CENLAR FSB,** *Defendants.* | § § § § § § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a), 1441, and 1446 Defendants U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 ("U.S. Bank") and Cenlar FSB ("Cenlar") (collectively "Defendants") remove this action from the 218th Judicial District Court of Wilson County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I. STATE COURT ACTION

1. On December 28, 2021, Plaintiff Keith R. Gordon ("Plaintiff") filed Plaintiff's Original Petition and Stay of Order to Proceed with Expedited Foreclosure Under Tex. Rule Civil Procedure 736 In Cause No. 19-09-0669-CVW (the "Petition"), styled *Keith R. Gordon v. U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 and Cenlar FSB*; Cause No. CVW2100806, in the 218th Judicial District Court of Wilson County, Texas.

2.      Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 218th Judicial District Court of Wilson County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3.      In the State Court Action, Plaintiff filed a claim for declaratory judgment.

4.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 218th Judicial District Court and obtained by Defendants are attached hereto.

5.      In support of this removal, please find attached as follows:

**Exhibit A**     Civil Cover Sheet;

**Exhibit B**     Supplement to Civil Cover Sheet;

**Exhibit C**     State Court Civil Docket Sheet;

**Exhibit D**     State Court File; and

**Exhibit E**     Wilson County Appraisal District 2021 Valuation of the Property.

## II.     TIMELINE FOR NOTICE OF REMOVAL

6.      Defendants U.S. Bank and Cenlar have not been served in this action. Less than thirty (30) days have passed since Defendants received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.      The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.     Diversity of Citizenship

8.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiffs.

10. Based upon Plaintiff's Petition, Plaintiff is a citizen of Wilson County, Texas.

11. Defendant U.S. Bank, which was sued in its capacity as trustee, is a national banking association pursuant to federal law. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980). Pursuant to 28 U.S.C. § 1348, a national banking association is deemed the citizen of its main office. At the time of the filing of the Second Amended Petition and up through the time of removal, U.S. Bank's main office has been and continues to be located in Ohio under its articles of association. Therefore, U.S. Bank is a citizen of Ohio.

12. Cenlar is a federal savings association and has its corporate headquarters and its primary place of business in the state of New Jersey. Cenlar's citizenship is determined by the location of its main offices as set forth in their respective articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Cenlar's main office is located in New Jersey. For purposes of diversity, Cenlar is a citizen of New Jersey.

13. Plaintiff is a citizen of the State of Texas, U.S. Bank is a citizen of Ohio, and Cenlar is a citizen of New Jersey. Accordingly, this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

    **b.**    **Amount in Controversy Exceeds $75,000.**

14. Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of the Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.

15. The Petition seeks declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

17. Moreover, as Plaintiff seeks injunctive relief to bar any foreclosure proceedings,[1] the property is the object of the present litigation. *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338 (5th Cir. 2013). ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.") "In actions enjoining a lender from transferring property and preserving an

---

[1] See Petition, at ¶ 1. Plaintiff's filed suit pursuant to Tex. R. Civ. P. 736.11 which is an automatic stay of the foreclosure sale.

individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

18. The most recent tax appraisal for the Property valued it at $414,990.[2] This alone satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Petition that the amount in controversy more likely than not exceeds $75,000.

## IV. VENUE

19. Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Wilson County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(4).

## V. CONCLUSION

WHEREFORE Defendants U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 and Cenlar FSB remove this action from the 218th Judicial District Court of Wilson County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] *See* Exhibit E, Wilson County Appraisal District valuation for the Property for 2021.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

By: /s/ *Crystal G. Gibson*
Crystal G. Gibson
State Bar No. 24027322
4004 Belt Line Rd., Suite 100
Addison, Texas 75001
972-340-7901
972-341-0734 (Fax)
CrystalG@BDFGroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA E-SERVICE:***
Robert C. Newark, III
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
office@newarkfirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ *Crystal G. Gibson*
Crystal G. Gibson