# EXHIBIT D

Case 5:22-cv-00044-FB     Document 1-4     Filed 01/20/22     Page 2 of 11

Filed
07/28/2021 1:53 PM
Deborah Bryan
Wilson County
District Clerk

Cause No: __CVW2100806__

| | | |
|---|---|---|
| **KEITH R. GORDON,** | ) | IN THE DISTRICT COURT |
| | ) | |
| **Plaintiff,** | ) | Wilson County - 218th District Court |
| v. | ) | _____ **JUDICIAL DISTRICT** |
| | ) | |
| **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09 AND CENLAR FSB,** | ) | |
| **Defendants.** | ) | **OF WILSON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND STAY OF ORDER TO PROCEED WITH EXPEDITED FORECLOSURE UNDER TEX. RULE CIVIL PROCEDURE 736 IN CAUSE NO. 19-09-0669-CVW**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Keith R. Gordon hereinafter called Plaintiff, by and through his attorney, Robert C. Newark, III, and files this Original Petition and in support thereof would show unto the Court the following:

**NOTICE UNDER TEX R. CIV P. 736.11**

1. This lawsuit and Petition is filed pursuant to Tex. R. Civ. P. 736.11 Automatic Stay and Dismissal if Independent Suit is filed. Defendant filed and obtain an Order to Sale in Wilson County District Court Case No. 19-09-0669-CVW. Such proceeding was conducted under the Expedited Foreclosure Rules, Tex. R. Civ. P. 736, *et seq*. Tex R. Civ. P 736.11 states that an Order of Sale is automatically stayed by the filing of this action which is a separate, original proceeding in a court of competent jurisdiction that puts in issue the constitutionality of the matter related to the origination of the complained of loan, lien, servicing, and enforcement of the loan agreement, contract, and lie sought to be foreclosed. This lawsuit was filed prior to

1

Case 5:22-cv-00044-FB     Document 1-4     Filed 01/20/22     Page 3 of 11

Filed
02/28/2021 1:53 PM
Deborah Bryan
Wilson County
District Clerk

5:00 pm on the Monday, January 3, 2022, before the scheduled foreclosure sale, which is January 4, 2022. Tex. R. Civ. P. 736.11.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Defendant because the actions complained of herein all occurred in Wilson County, Texas. Furthermore, the real property which is subject of this lawsuit is located in Wilson County, Texas. Venue is also proper in Wilson County, Texas.

## PARTIES

3.      Plaintiff, Keith Gordon, is an individual that resides in Wilson County, Texas.

4.      Defendant, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09**, (hereinafter referred to as "LENDER") is a federal savings bank doing business in Wilson County, State of Texas and is the purported holder of the Deed of Trust subject to this Petition. Lender may be served with process through its registered agent at any address where its registered agent may be found.

5.      Defendant, CENLAR FSB, (hereinafter referred to as "SERVICER") is a foreign corporation doing business in Wilson County, State of Texas, and is the purported servicer of the Deed of Trust subject to this Petition. Servicer may be served with process through its registered agent at any address where its registered agent may be found.

## FACTUAL BACKGROUND

6.      Plaintiff is the owner of property located at 624 Sunshine Meadow, Adkins, TX 78101. (hereinafter referred to as the "Property").

7.      On or about September 10, 2019, Lender caused a case to be filed in Wilson County, Texas to enforce the Deed of Trust.

Case 5:22-cv-00044-FB     Document 1-4     Filed 01/20/22     Page 4 of 11

Filed
02/28/2022 1:53 PM
Deborah Bryan
Wilson County
District Clerk

8. A 736 Order was entered on November 5, 2019.

## COUNT I: DECLARATORY JUDGMENT

9. Plaintiff hereby incorporate all of the paragraphs above, as if each was fully set forth herein.

10. Plaintiff bring this claim for a declaratory judgment under Section 37.001, et seq., of the Texas Civil Practices and Remedies Code.

11. There exists an actual and substantial controversy between the parties herein that would be terminated by the granting of the declaratory judgment.

12. As previously stated, Plaintiff has not been provided the evidence to show that Lender and/or Servicer has any right to continue the enforcement of Deed of Trust.

13. As such, traditional enforcement remedies such as foreclosure are not available to Defendants. Accordingly, Plaintiff seeks a judgment declaring Defendants' right to foreclosure on the Deed of Trust constitutionally unenforceable in perpetuity.

14. Therefore, Plaintiff seeks a declaratory judgment declaring the Deed of Trust void ab initio; that any purported lien evidenced by the Deed of Trust is void; and that such purported lien does not constitute a lien or encumbrance against the Property.

## ATTORNEY'S FEES

15. Plaintiff are entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

## DISCOVERY – DISCLOSURES - TRCP 194.2

Case 5:22-cv-00044-FB     Document 1-4     Filed 01/20/22     Page 5 of 11

Filed
02/25/2021 1:53 PM
Deborah Bryan
Wilson County
District Clerk

16.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff request that Defendant disclose the information and material described in Rule 194.2 within 50 days of service.

## NOTICE – TRCP 193.7

17.     Plaintiff hereby put Defendants on notice that Plaintiff intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

## CONDITIONS PRECEDENT

18.     All conditions precedent to the Plaintiff's right to bring theses causes of action have been performed, have occurred, or have been waived.

## RULE 47 DECLARATIONS

19.     By reason of all the above and foregoing it has become necessary to bring this suit for which it is now brought in a just and reasonable sum greatly in excess of the jurisdictional limits of this Honorable Court, together with all interest, pre and post judgment to which Plaintiff is entitled by law.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of more than $250,000.00 but less than $1,000,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a.      The Defendants be cited to appear and answer herein;

b.      That on final trial thereof, Plaintiff be awarded declaratory judgment as requested herein decreeing that the purported lien evidenced by the Deed of Trust are void ad inito;

Case 5:22-cv-00044-FB   Document 1-4   Filed 01/20/22   Page 6 of 11

Filed
02/26/2021 1:53 PM
Deborah Bryan
Wilson County
District Clerk

    c.     That Plaintiff have and recover a judgment from and against Defendants for the forfeiture of all principal and interest on the Deed of Trust including, but not limited to a judgment from and against Defendants for payment of all principal and interest paid by Plaintiff to Defendant through the date of final judgment, together with prejudgment and postjudgment interest as allowed by law;

    d.     That Plaintiff be awarded exemplary damages, costs and reasonable and necessary attorney's fees; and

    e.     For such other and further relief that Plaintiff may be awarded at law and in equity.

                              RESPECTFULLY SUBMITTED,

                              A Newark Firm
                              1341 W. Mockingbird Lane, Ste 600W
                              Dallas, Texas  75247
                              Telephone:   (866)230-7236
                              Facsimile:    (888)316-3398
                              Email:        office@newarkfirm.com

                     By:     /s/Robert C. Newark, III
                              Robert C. Newark, III
                              Texas Bar No. 24040097
                              Oklahoma Bar No. 21992
                              ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Newark on behalf of Robert Newark
Bar No. 24040097
Office@newarkfirm.com
Envelope ID: 60353088
Status as of 12/29/2021 8:36 AM CST

Associated Case Party: Keith Gordon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Newark | | Office@newarkfirm.com | 12/28/2021 8:53:18 PM | SENT |

Case 5:22-cv-00044-FB     Document 1-4     Filed 01/20/22     Page 8 of 11

Filed
20 2022 8:00 AM
Deborah Bryan
Wilson County
District Clerk

CAUSE NO. CVW2100806

| | | |
|---|---|---|
| **KEITH R. GORDON,** § | | IN THE DISTRICT COURT |
| Plaintiff § | | |
| § | | |
| v. § | | 218TH JUDICIAL DISTRICT OF |
| § | | |
| **U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09, and CENLAR FSB,** § § § § § § | | |
| Defendant. § | | WILSON COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION AND STAY OF ORDER TO PROCEED WITH EXPEDITED FORECLOSURE UNDER TEX. RULE CIVIL PROCEDURE 736 IN CAUSE NO. 19-09-0669-CVW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 ("U.S. Bank") and Cenlar FSB ("Cenlar") (collectively "Defendants") their successors in interest or assigns, Defendants in this cause, and file their Original Answer and Affirmative Defenses to Plaintiff's Original Petition and Stay of Order to Proceed with Expedited Foreclosure Under Tex. Rule Civil Procedure 736 In Cause No. 19-09-0669-CVW (the "Petition") and respectfully show the Court the following:

### I. General Denial

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Petition and say that the same are not true in whole or in part, and demand strict proof thereof.

### II. Affirmative Defenses

Case 5:22-cv-00044-FB   Document 1-4   Filed 01/20/22   Page 9 of 11

Filed
2/3/2022 8:00 AM
Deborah Bryan
Wilson County
District Clerk

1. Defendants assert that Plaintiff fails to state a claim for which relief can be granted.

2. In addition to and/or alternatively, without waiving the foregoing, Defendants plead that Plaintiff's claim(s), are barred in whole or in part by the doctrine of estoppel, judicial estoppel and/or quasi-estoppel.

3. In addition to and/or alternatively, without waiving the foregoing, Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff failed to perform his contractual obligations and failed to tender the sums due, and, therefore, is not entitled to any equitable relief.

4. In addition to and/or alternatively, without waiving the foregoing, Plaintiff's damages, if any, which Defendants do not admit, were caused in whole or in part by Plaintiff's own acts, negligence or otherwise, and Defendants are thus not liable.

5. In addition to and/or alternatively, without waiving the foregoing, Plaintiff's claims are barred in whole or in part by the statute of frauds.

6. In addition to and/or alternatively, without waiving the foregoing, Defendants assert that all conditions precedent to Plaintiff's rights to recover, if any, have not been satisfied, have not occurred or have not been waived.

7. In addition to and/or alternatively, without waiving the foregoing, Defendants assert that Plaintiff's possession has been continuous and uninterrupted and, therefore, Plaintiff has no damages.

8. In addition to and/or alternatively, without waiving the foregoing, Plaintiff's claims are barred by the economic loss doctrine.

Case 5:22-cv-00044-FB   Document 1-4   Filed 01/20/22   Page 10 of 11

Filed
2/2/2022 8:10 AM
Deborah Bryan
Wilson County
District Clerk

### III.  Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Court enter judgment in its favor on each of Plaintiff's claims and Order that Plaintiff take nothing, award Defendants their costs and fees and assess such costs and fees against Plaintiff, order that execution issue based on such award, and for such further relief as to which Defendants may show themselves entitled at law or in equity.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

/s/ *Crystal G. Gibson*
Crystal G. Gibson
State Bar No.: 24027322
4004 Belt Line Rd., Suite 100
Addison, Texas 75001
972-340-7901
972-341-0734 (Fax)
Email: crystalg@bdfgroup.com
ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been delivered to all parties and counsel of record pursuant to the Texas Rules of Civil Procedure on this 20th day of January, 2022.

*VIA E-SERVICE:*
Robert C. Newark, III
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
office@newarkfirm.com
ATTORNEY FOR PLAINTIFF

/s/ *Crystal G. Gibson*
Crystal G. Gibson

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Susan Lucero on behalf of Crystal Roach
Bar No. 24027322
susanll@bdfgroup.com
Envelope ID: 60972002
Status as of 1/20/2022 8:17 AM CST

Associated Case Party: KEITHGORDON

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Robert Newark | | Office@newarkfirm.com | 1/20/2022 8:00:21 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Crystal Gibson | 24027322 | crystalr@bdfgroup.com | 1/20/2022 8:00:21 AM | SENT |