IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEITH R. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-22-CA-0044-FB |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09; and CENLAR FSB, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFAULT JUDGMENT AS TO JOYCE M. GORDON

Before the Court is the Motion for Default Judgment Against Third-Party Defendant Joyce M. Gordon ("Motion"). (Docket no. 14). U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 ("U.S. Bank" or "Third-Party Plaintiff"), its successors and assigns, is the Third-Party Plaintiff and Joyce M. Gordon ("Third-Party Defendant" or "Gordon") is the Third-Party Defendant. After careful consideration, the Court is of the opinion that the Motion should be granted.

Third-Party Defendant, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on U.S. Bank's claims against her. U.S. Bank's Third-Party Complaint ("Third-Party Complaint") was served upon Third-Party Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of U.S. Bank's Third-Party Complaint have been admitted by Third-Party Defendant Gordon. The Court further finds that U.S. Bank does not seek monetary damages against Gordon, but instead seeks certain declarations

and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore, in light of Gordon's default and the nature of U.S. Bank's claims, the Motion (docket no. 14) is GRANTED and the Court orders as follows:

IT IS ORDERED, ADJUDGED and DECREED that the material allegations of the Third-Party Complaint be and are deemed admitted as to Third-Party Defendant.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that an event of default has occurred on that certain Texas Home Equity Note (Fixed Rate- First Lien), executed on or about October 4, 2007 (hereinafter "Note").

IT IS FURTHER ORDERED, ADJUDGED and DECREED that certain Texas Home Equity Security Instrument dated October 4, 2007 in the principal sum of $252,000.00 signed by Joyce M. Gordon and Keith R. Gordon and recorded in the official public records of Wilson County, Texas, provides U.S. Bank, as the mortgagee of the Security Instrument, in the event of default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 624 Sunshine Meadow, Adkins, Texas 78101, (hereinafter "Property") and is more precisely described as:

> LOT 144, WHISPERING OAKS SUBDIVISION, SECTION TWO, AS SHOWN ON PLAT RECORDED AT VOLUME 6, PAGES 64-66 OF THE PLAT RECORDS OF WILSON COUNTY, TEXAS.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that U.S. Bank is the mortgagee of the Security Instrument.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that due to event of default on the Note, U.S. Bank, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and §51.002 of the Texas Property Code.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that U.S. Bank may further communicate with Third-Party Defendant, and all third parties reasonably necessary to conduct the foreclosure sale.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all costs are to be taxed against Third-Party Defendant.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that U.S. Bank is awarded attorney's fees and costs pursuant to the terms of the deed of trust.

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that this is an interlocutory judgment, disposing of all claims against Joyce M. Gordon. The Plaintiff's claims against U.S. Bank and U.S. Bank's claims against Plaintiff remain pending.

It is so ORDERED.

SIGNED this 29th day of April, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE